UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

LARRY GEORGE,

    Petitioner,

    v.                                                      Case No. 14-C-1544

JUDY P. SMITH,

    Respondent.

ORDER STAYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT
TO 28 U.S.C. § 2254 BY A PERSON IN STATE CUSTODY,
AND CLOSING CASE FOR ADMINISTRATIVE PURPOSES WHILE
PETITIONER EXHAUSTS HIS STATE REMEDIES

On December 12, 2014, Larry George filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his revocation in Winnebago County Case No. 86-CF-175. According to George, the Winnebago County Circuit Court sentenced him to a term of 192 months on October 31, 1986, following a no contest plea to a sexual assault charge. Released on discretionary parole in 1995, George was revoked after being charged in Brown County with additional sexual assault and false imprisonment charges. George believes that his revocation sentence in the Winnebago County Circuit Court case should have been concurrent rather than consecutive to any other state sentence. Because it is clear from the state court docket that George continues to litigate this issue in the state court, the court will give George the opportunity to exhaust his state court remedies before he proceeds with this case.

In the pending petition, George asserts a violation of the Double Jeopardy Clause when his revocation sentence of August 2, 2011, was reduced to seven years and seven days, running concurrently, and then changed on October 12, 2012, to consecutively "when

another Assist. Atty. General and different prison officials failed to honor their prior agreements." He argues a violation of "fidelity to precedent" and stare decisis for the same reasons. Finally, George invokes equitable estoppel because he gave up his right to challenge the multiple parole violations.

A habeas petitioner may obtain federal relief "only on the ground that he is in custody in violation fo the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Here, the only colorable constitutional claim is the alleged violation of the Double Jeopardy Clause. Nevertheless, a habeas petition shall not be granted if state court remedies remain unexhausted. 28 U.S.C. § 2254(b)(1). George indicates that he is challenging the October 31, 1986, judgment of conviction in Winnebago County Circuit Court Case No. 86-CF-175. However, there are two Winnebago County Circuit Court cases: Nos. 86-CF-22 and 86 -CF-175. Initially, the sentences ran consecutively but were later ordered to run concurrent with each other. *State ex rel. George v. Schwarz,* 2014 WL 625690 *1, n. 1 (Wis. Ct. App. 2014). Following his release on discretionary parole in 1995, George absconded in early 1996 and spent nearly three years on the lam. *Id.* He was picked up on sexual assault and false imprisonment charges in Brown County and his parole was revoked in the Winnebago County case. *Id.* The Division of Hearings and Appeals ("DHA") determined that George should be reincarcerated for his remaining sentence of eight years and eighteen days. *Id.* George filed a certiorari action, Winnebago Case No. 99-CV-451, to review his parole revocation, and, in September of 2000, the Winnebago Circuit Court reversed the DHA decision, reduced George's reincarceration to nineteen months, and ordered his release because he had already served his time after absconding. *Id.* The Wisconsin Court of Appeals found that the circuit court exceeded its

2

authority in the certiorari action, and remanded with directions to reinstate the original sentence of eight years and eighteen days. *Id.* The parties agreed that the start date would be October 22, 2001, which was the date the appeal became final. *Id.*

Meanwhile, on August 31, 2001, George was found guilty in Brown County Circuit Court and sentenced to fifteen years consecutive to the "other sentence [he was] ... serving" with two years concurrent on the false imprisonment charge. Brown County Case No. 96-CF-163. George did not appeal the Brown County Case.

Instead, George petitioned to have the DHA recalculate his incarceration time and the Winnebago County Circuit Court reduced his revocation time from eight years, eighteen days to seven years, seven days on April 28, 2006. *State ex rel. George*, 2014 WL 625690 at *1. The court did not address whether that term was concurrent or consecutive to any other sentence. *Id.*

A hearing took place on January 15, 2010, because the Department of Corrections was treating the revocation in Winnebago County as consecutive to the Brown County sentence. *Id.* The Winnebago County Circuit Court clarified that the Winnebago County sentences were concurrent with each other but that it could not direct that the sentence in the Brown County Circuit Court case run concurrent with its sentences. *Id.* The DOC sought further clarification from the Winnebago County Court regarding whether its sentences were concurrent or consecutive to the Brown County sentence. *Id.* Again, the Winnebago court explained that it could not tell Brown County how to approach its sentence. *Id.*, at *2.

On February 3, 2011, the Winnebago County Circuit Court entered an order clarifying that it took no position in the Brown County Case. *Id.* George moved the DOC

to recalculate his seven year, seven day sentence with a start date of October 22, 2011. After the court denied the motion, George moved to have the DHA found in contempt and the DHA sought clarification. *Id.* Following a September 20, 2012, hearing, the Winnebago County Circuit Court ruled that it could not determine the relationship of the Brown County sentence to any Winnebago County sentence, denied George's motion vacate, and denied a subsequent motion for reconsideration. *Id.* George filed a pro se appeal challenging the judgment and the orders entered after October 18, 2012. *Id.,* at *3.

On February 19, 2014, the Wisconsin Court of Appeals in Case No. 99-CV-451, held that the Winnebago County Circuit Court had the authority to address the DHA's clarification motion and that the parties did not have an agreement that all sentences would be concurrent. *Id.* The Wisconsin Court of Appeals clarified that circuit courts only have the power to hear and determine actions within their respective circuits. *Id.* (citing Wis. Stat. § 753.03).

Undeterred, on May 6, 2014, George moved the Winnebago County Circuit Court for an order amending the judgment of conviction in Case No. 86-CF-175 to provide that the sentence run concurrent rather than consecutive. The court denied the motion on May 8, 2014, because George had already reached his maximum discharge date. The motion was denied on reconsideration, and George filed a notice of appeal on July 18, 2014. *State v. George*, Wisconsin Court of Appeals Case No. 2014AP001723-CR. After multiple extensions, respondent filed a brief on March 13, 2015. Thus, while it appears that George has pursued state relief through the action for extraordinary writ, he continues to litigate the concurrent versus the consecutive nature of the judgment in Winnebago County Case No.

86-CF-175. Indeed, an appeal remains pending in the Wisconsin Court of Appeals. *State of Wisconsin v. George*, Case No. 2014AP1723-CR.[1]

It is apparent there are multiple problems with this petition. Most important, George has a pending appeal in the Wisconsin Court of Appeals challenging the consecutive versus concurrent nature of his sentence. Therefore, out of an abundance of caution, this court will stay the case to allow George to pursue his claim in the state court without extinguishing his right to pursue any claims arising in connection with 99-CV-451. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). Nothing in the record available to this court suggests that George is engaging in dilatory litigation tactics. However, there are additional concerns that George must be prepared to address if he decides to return to federal court after exhausting his state court remedies. First, George cannot proceed on this habeas petition if there is no case or controversy with respect to the 2001 revocation. If George has served his sentence, collateral consequences must still exist to maintain the suit. *Cochran v. Buss*, 381 F.3d 637, 640 (7th Cir. 2004). Second, George can only proceed on a colorable constitutional claim to the extent it has been raised in the courts below. In presenting his claim, George must fairly present his claim to the appropriate state court to alert that court to the claim's federal implications. *Baldwin v. Reese*, 651 U.S. 27, 124 S. Ct. 1347, 1351, 158 L. Ed. 2d 64 (2004). Finally, George is reminded that he exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *United States ex rel. Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir.1990). Now, therefore,

---

[1] It does not apepar that George has raised his only viable constitutional claim – double jeopardy – in the state courts. His appeal of the revocation decision focused on the "doctrines of election of remedies, claim preclusion, stare decisis, and breach of contract."

5

IT IS ORDERED that the habeas petition is stayed while George pursues his pending appeal in Case No. 86-CF-175.

IT IS FURTHER ORDERED that this case is closed for administrative purposes. Within thirty days of receiving a final decision from the Wisconsin courts, George may file a motion to reopen this case. Failure to file a timely motion shall preclude further relief.

Dated at Milwaukee, Wisconsin, this 24th day of April, 2015.

BY THE COURT

/s/ C.N. Clevert, Jr.
C.N. CLEVERT, JR.
U.S. DISTRICT JUDGE